## ROUNSAVILLE *v.* ROUNSAVILLE.

There was no error upon the part of the court below in sustaining a general demurrer to the petition and dismissing the same.

JANUARY 13, 1915.

Complaint. Before Judge Patterson. Floyd superior court. January 26, 1914.

F. H. Rounsaville brought suit against J. A. Rounsaville, alleging as follows: The defendant "is indebted to him in the sum of $15,000 principal debt, besides interest at seven per cent." J. W. Rounsaville died testate on October 4, 1910, leaving a wife and five children. The eldest of the children is petitioner, and the other children were of full age at the date of the death of J. W. Rounsaville. The will was offered for probate, and petitioner filed a caveat. At the hearing in the court of ordinary the will was admitted to probate in solemn form, and from this judgment petitioner appealed to the superior court. Under one of the items of a codicil to the will it was provided that any legatee contesting the will forfeited the bequest granted unto him. While the caveat was pending the estate could not be disturbed, because it was doubtful as to whether the parties at interest would take as legatees or as heirs at law, and the sum which any of them should take could not be ascertained. The legatees other than the caveator desired to set up the paper offered as a will; and in order to induce the petitioner to dismiss his appeal, they entered into and bound themselves by a certain undertaking which was reduced to writing and signed by all of the legatees. In that written instrument, after reciting the facts of offering the will for probate, the caveat filed, the judgment of the court of ordinary, and the dismissal of the appeal, it was agreed by the other parties at interest that the sum of $5,000.00 should be added to the amount named in the will of the said J. W. Rounsaville, to be invested by the executors and the proceeds thereof paid over to the said F. H. Rounsaville, the petitioner, making the aggregate sum of $15,000. Out of the sum of $15,000, $1500 was to be paid to the attorneys of record for F. H. Rounsaville in full of all their claims against said F. H. Rounsaville; and it was provided that certain other debts should be paid, and the balance of said sum of $15,000 was to be placed in the hands of J. A. Rounsaville as trustee, and invested in certain securities to be held by him "as the trustee of Mrs. Mary F. Rounsaville, Mrs. Mamie R.

Cartledge, Geo. M. Rounsaville, R. B. Rounsaville, and Roy Rounsaville, with directions that the net income thereof shall be applied semi-annually, or from time to time as may be required, to the maintenance and support of said F. H. Rounsaville during his life, and at his death the corpus thereof paid or delivered to" the other parties named, or their representatives. This instrument was duly signed by F. H. Rounsaville and the others. Nearly two years have elapsed since the date of this written agreement, and the defendant into whose hands the money was to be placed and by whom the investment was to be made refuses to pay "said sums so due, and refuses to redeliver same to said makers that they might make such payment. . . With ample means in his hands, coupled with a duty to make full payment, defendant stubbornly refuses, in the face of a pressing necessity, frequent and urgent appeals, to pay said sum, which said sum is less than an undivided one-sixth interest in said estate." The petition was dismissed upon general demurrer, and the plaintiff excepted.

*Henry Walker* and *Denny & Wright,* for plaintiff.
*Maddox & Doyal,* for defendant.

BECK, J. · (After stating the facts.) We are of the opinion that the court below properly sustained the general demurrer and dismissed the petition. The petitioner does not seek to have the corpus of an alleged trust turned over to him on the ground that the trust is executed and that he is entitled to the corpus of the estate; but he evidently stands squarely upon the written contract, and his petition, where it is not ambiguous, insists that a debt due him in accordance with the terms of the contract be paid over to him, and he is seeking a judgment in his favor against the defendant for the full amount set apart for his benefit, after deducting the amount paid therefrom to his attorneys, as stipulated in the contract. If the written instrument which we have set forth created a trust, and petitioner is entitled to have the same executed by the trustee turning over to him for life the corpus as a trust estate, he should have instituted proceedings appropriate to the obtaining of such relief; and the court might then, in case it was adjudged proper to turn the corpus of the estate over to petitioner, have put such terms upon it as would have safeguarded the estate. But the plaintiff did not see fit to do this. He saw fit to stand upon the entire contract according to the terms thereof, and yet have a judgment for

the amount of money which went into the hands of this defendant. He was not entitled to any such judgment, and the case was properly dismissed.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*